United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KIRK STEWART, ET AL., | No. C 10-04106 NJV |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| STEVE MORRIS, ET AL., | |
| Defendants. _____/ | |

On June 2, 2010, Plaintiffs Kirk Stewart, Susan Stewart, Cameron Stewart and Fred Otremba filed a complaint for damages and declaratory and injunctive relief against Defendants Steve Morris, Seth Cimino, Joe Garcia, Geme McManus, Mike Riese and the County of Del Norte in the Superior Court in and for the County of Del Norte. Defendants removed the action to this Court on September 13, 2010. Defendants' removal notice indicates that Defendants first received a copy of the complaint when Defendant County of Del Norte was served on August 13, 2010. (Doc. No. 1 ¶ 1 and Ex. B). On September 20, 2010, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 5. On October 13, 2010, Plaintiffs filed an amended complaint. (Doc. No. 10). The Court denied Defendants' motion to dismiss the original complaint as moot. (Doc. No. 11).

On November 1, 2010, Defendants filed a motion to dismiss the First Amended Complaint. (Doc. No. 12). Plaintiffs filed their opposition to the motion on November 17, 2010, one day after the last day to file such opposition had passed. Defendants filed a reply on November 23, 2010. (Doc. No. 14). The Court finds that Defendants' motion is appropriate for submission on the papers and therefore vacates the December 7, 2010 hearing.

# BACKGROUND

Plaintiffs allege that on August 14, 2008, Detective-Sergeant Morris and Special Field Agent Rasmussen presented a Del Norte County Superior Court Judge with an affidavit of probable cause seeking the issuance of a search warrant for the residence located at 1655 French Hill Road in Gasquet, California. First Amended Complaint ("FAC") ¶¶ 16, 17. At that time, the residence was owned and occupied by Plaintiffs Kirk and Susan Stewart, husband and wife. *Id*. ¶ 2. Residing at that address with the Stewarts were their ten-year old son, Cameron, and their houseguest, Plaintiff Otremba. *Id*. ¶¶ 3, 4.

As alleged by Plaintiffs, the search warrant presented aerial photographs and incorporated descriptions of the premises to be searched and the property to be seized. *Id*. ¶ 17. The affidavit, sworn under oath by Defendant Rasmussen, allegedly gave the following details to support a finding of probable cause: "(1) that a week prior, Task Force Agent Seth Cimino had taken pictures of the property in question during an over-flight in which an outdoor marijuana grow was identified; (2) that Cimino entered the property shortly thereafter and confirmed the plants depicted in the photographs were in fact marijuana; and (3) that some ten years prior, the co-owner of the property, Kirk Stewart, had been convicted of cultivation of marijuana and possession of marijuana for sale." *Id*. ¶¶ 17, 18. The affidavit allegedly did not contain factual information to suggest that the marijuana growing on the property was being grown in contravention of California state laws. *Id*. ¶ 21. The search warrant was issued on August 14, 2008, and executed that same day by Defendants Morris, Rasmussen, and several other Del Norte County Sheriff's Deputies and federal field agents. *Id.* ¶ 24.

The FAC alleges that Plaintiffs Kirk Stewart, Susan Stewart and Fred Otremba were qualified medical marijuana patients and "valid Prop 215" cardholders. *Id*. ¶ 26-29. The FAC further alleges that Plaintiff Kirk Stewart was "a designated caregiver" for his wife and three other individuals under the procedures set forth in the California Health and Safety Code, specifically section 11362.71. *Id*. ¶ 27. All Plaintiffs were present when law enforcement officers allegedly entered the residence, executed the search warrant and ordered Plaintiffs to go outside at gunpoint. *Id*. ¶¶ 37-41.

///

Plaintiffs allege that during the execution of the search warrant, law enforcement officers located the notices of compliance, Prop 215 cards and caregiver cards belonging to Kirk and Susan Stewart. *Id*. ¶ 42. Plaintiffs allege that Kirk Stewart, Susan Stewart and Fred Otremba told Del Norte County Task Force Agents and the Federal Agents that they were all qualified patients and/or valid Prop 215 cardholders. *Id*.

Plaintiffs allege that Detective-Sergeant Morris called District Attorney Riese in front of Kirk Stewart and Fred Otremba, who allegedly could hear both sides of the conversation. *Id*. ¶¶ 45, 46. Plaintiffs allege that Morris told Riese that no indicia of felony cultivation or sales was located, but that Riese told Morris "to go ahead and arrest Stewart and Otremba, seize the guns and money and that he would make some criminal charges stick." *Id*. ¶ 46.

The law enforcement officers allegedly seized 83 medical marijuana plants and 100 pounds of processed marijuana. *Id*. ¶¶ 53, 54. Officers also directed Susan Stewart to open two gun safes found at the residence and seized their contents: 18 firearms belonging to Susan Stewart and her son, three black powder muzzle loaders, one black powder pistol, $2,645 in cash plus six two-dollar bills. *Id*. ¶¶ 56, 57.

Kirk Stewart and Fred Otremba were handcuffed, arrested and booked into the Del Norte County jail, where they spent a week in custody before being released for the District Attorney's failure to timely file a charging complaint. *Id*. ¶ 47. Susan Stewart was not arrested and no charges were filed against her. *Id*. ¶ 44.

The marijuana plants and processed marijuana seized by the Task Force Agents were destroyed at the direction of the Del Norte County Sheriff's Office approximately one week after the seizure. *Id*. ¶¶ 49, 50. Plaintiffs allege that the value of the destroyed marijuana was close to one million dollars. *Id*. ¶ 50. Plaintiffs discovered that their property had been destroyed during a February 2009 hearing at which Morris' testimony was taken. *Id*. ¶ 51.

All criminal charges against Plaintiff Otremba were dismissed in December 2009. *Id*. ¶ 59. All criminal charges against Plaintiff Kirk Stewart, except for one count of unlawful possession of a

firearm, were dismissed in May 2010. *Id*. ¶ 60. In May 2010, Susan Stewart retrieved four of the 22 seized firearms pursuant to an order of release by the Superior Court. *Id*. ¶ 61.

On June 1, 2010, Plaintiffs filed an administrative claim with Defendant County of Del Norte, enumerating their potential claims under the California Government Claims Act, CAL. GOVT CODE § 900 et seq. *Id*. ¶ 95. Plaintiffs filed a complaint in Del Norte County Superior Court on June 10, 2010, and filed an amended complaint following removal of the action to this Court. (Doc. Nos. 1, 10). Plaintiffs allege the following five causes of action: (1) violation of 42 U.S.C. § 1983 against Defendants Morris, Cimino, Garcia, McManus and Riese for violation of Plaintiffs' right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments; (2) false arrest against Defendants Morris, Cimino, Garcia, McManus and Riese; (3) conversion against Defendants County of Del Norte, Morris and Garcia; (4) violation of 42 U.S.C. § 1983 against Defendant County of Del Norte for developing and maintaining policies or customs exhibiting deliberate indifference to the constitutional rights of persons within the County of Del Norte; and (5) declaratory relief. *Id.* ¶¶ 96-120.

Defendants seek dismissal of Plaintiffs' claims against Defendant Cimino, dismissal Plaintiffs' false arrest claim, and dismissal of Plaintiffs' claim for punitive damages against the County of Del Norte.

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The plausibility standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability." *Id*.

4

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d).

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699. In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

**DISCUSSION**

**I.    Claims Against Defendant Cimino**

Plaintiffs allege two claims against Defendant Seth Cimino: a § 1983 claim based on unreasonable search and seizure, and a false arrest claim. Although the FAC does not specify whether the false arrest claim is asserted under state or federal law, Plaintiffs (1) appear to concede that such a claim is barred under state law for failure to comply with the claims presentation deadline found in the California Tort Claims Act; and (2) argue that they may nevertheless bring a false arrest claim under federal law. Opp. at 5. The Court will therefore address Plaintiffs' false arrest claim against Mr. Cimino as though it is asserted under § 1983 for violation of Plaintiffs' Fourth Amendment rights.

Defendants challenge the sufficiency of the allegations in the FAC to sustain either of Plaintiffs' claims against Cimino. Specifically, Defendants assert that Plaintiffs' Fourth Amendment

5

claims against Cimino should be dismissed pursuant to Rule 12(b)(6) because the FAC "fails to allege any facts that Cimino participated in the subject search and seizure, or that he was even present on the scene." Mot. At 5. Plaintiffs contend that the FAC adequately sets forth factual allegations to establish "a wrongful motive by all defendants named therein," by alleging that Cimino and the other named individual defendants acted with wrongful motive by "personally participating in said conduct and/or acting jointly with others who did so and/or by authorizing, acquiescing or setting in motion policies, plans or actions that led to the conduct complained of herein taken by employees under his or her direction and control." Opp. at 4; FAC ¶ 14.

"The touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211, 106 S. Ct. 1809, 90 L. Ed. 2d 201 (1986) (citing *Katz v. United States*, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring)). A Fourth Amendment search "occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33, 121 S. Ct. 2038, 150 L. Ed. 2d 94 (2001). A Fourth Amendment seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984). A Fourth Amendment false arrest occurs when governmental actors have, "by means of physical force or show of authority, [...] in some way restrained the liberty of a citizen." *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Indeed, in order to prevail upon a claim for unreasonable search and seizure or false arrest, the Ninth Circuit requires that a plaintiff prove that a defendant searched and/or seized the plaintiff's person and/or property. *See* Ninth Circuit Model Jury Instructions 9.11, 9.16 and 9.18 (2009).

The FAC alleges only a few facts regarding Defendant Cimino: (1) he works and resides in Del Norte County, where he is employed as a Deputy Sheriff and was acting as such at all relevant times; and (2) the probable cause affidavit[1] presented in support of the search warrant application for

---

[1] The FAC alleges that the affidavit was prepared by Defendants Rasmussen and Morris, and it was sworn under oath by only Rasmussen.

6

Plaintiffs' property stated that Cimino "had taken pictures of the property in question" and "that Cimino entered the property shortly thereafter and confirmed the plants depicted in the photographs were in fact marijuana." FAC at ¶¶ 7, 18. Even accepting these allegations as true, the FAC does not contend that Cimino conducted the search of Plaintiffs' residence on August 14, 2008, participated in Plaintiffs' arrest, or seized any of the property described in the FAC. That is, the FAC fails to allege facts regarding any conduct by Cimino that would allow the Court "to draw the reasonable inference that [Cimino] is liable for [violating Plaintiffs' Fourth Amendment rights]," *Iqbal*, 129 S.Ct. at 1949, and Plaintiffs' vague and conclusory allegations regarding the alleged "wrongful motive" of Cimino are insufficient to state a claim under § 1983. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

In light of the foregoing, the Court concludes that the FAC lacks sufficient factual support for Plaintiffs' § 1983 claim that Defendant Cimino's conduct violated Plaintiffs' Fourth Amendment rights. Accordingly, Plaintiffs' claims against Defendant Cimino are dismissed with leave to amend the FAC to include factual allegations that meet the pleading standard set forth in *Iqbal*.

## II.    **False Arrest Claim**

Defendants assert that Plaintiffs' claim for false arrest, to the extent that it is based upon state law, is barred because of Plaintiffs' failure to comply with the claim presentation deadline imposed by the California Government Claims Act ("the Act"). Plaintiffs' respond that "[a]lthough [they] *could* argue that [their false arrest claim] was filed in a timely manner [...], it is just as simple to consider the false arrest claim in the context of a § 1983 action." Opp. At 5 (emphasis added). That is, Plaintiffs appear to chose not to argue that any state law false arrest claim that they may be asserting was presented to County of Del Norte in a timely manner pursuant to the applicable provisions of the Act.

The Act, which is also known as the California Tort Claims Act, requires a party seeking to recover money damages from a public entity or its employees to submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. *See* CAL. GOVT.CODE §§ 905, 911.2, 945.4, 950-950.2. "Timely claim presentation is not merely a procedural requirement, but is [...] a condition precedent to plaintiff's maintaining an action against defendant,

and thus an element of the plaintiff's cause of action." *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209, 64 Cal. Rptr. 3d 210, 164 P.3d 630, 634 (Cal. 2007) (internal citation and quotation marks omitted). A cause of action for false arrest accrues when the plaintiff is released from custody. *Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 606 (Cal.Ct.App. 1984).

The FAC states that Plaintiffs Kirk Stewart and Fred Otremba were arrested on August 14, 2008 and spent "almost a week in custody before being released...." FAC at ¶ 47. Therefore, at the latest, the six-month claim presentation period began to run on August 21, 2008, and it expired on February 21, 2009. According to the FAC and the Exhibits attached thereto, Plaintiffs presented their claims to the County of Del Norte "on or around June 1, 2010" - well past the expiration of the six-month claim presentation period. FAC at ¶ 95; *see also* Exhibit A to FAC. Therefore, to the extent that Plaintiffs' claims for false arrest are based upon state law, they are time-barred by the Act's claim presentation provisions and hereby dismissed with prejudice.

### III. Punitive Damages

Finally, Defendants seek dismissal of Plaintiffs' claim for punitive damages against County of Del Norte pursuant to well-settled precedent that such a public entity may not be held liable for punitive damages. *See City of Newport v, Fact Concerts, Inc.,* 453 U.S. 247, 264-271 (1981); *County of Los Angeles v. Superior Court*, 21 Cal. 4th 292, 297 (Cal. 1999); CAL. GOVT. CODE § 818. Plaintiffs concede that the County of Del Norte may not be held liable for punitive damages under either state or federal law. Opp. at 6. Plaintiffs' claim for punitive damages against the County of Del Norte is therefore dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted as to (1) Plaintiffs' claims against Defendant Seth Cimino; (2) Plaintiffs' state law false arrest claims; and (3) Plaintiffs' punitive damages claim against the County of Del Norte.

Plaintiffs' claims against Defendant Cimino are DISMISSED WITHOUT PREJUDICE.

Plaintiffs' state law false arrest claims are DISMISSED WITH PREJUDICE

8

Plaintiffs' punitive damages claim against the County of Del Norte is DISMISSED WITH PREJUDICE.

///

To the extent that Plaintiffs intend to file a second amended complaint to address the issues raised herein as to their claims against Defendant Cimino and/or their false arrest claims, they must do so no later than December 17, 2010.

IT IS SO ORDERED.

Dated:  December 1, 2010

NANDOR J. VADAS
United States Magistrate Judge

9